GreeN, J.
delivered the opinion of the court.
On the trial of this cause, the plaintiff read a grant to himself for forty acres, dated 9th of June, 1842, by virtue of an entry made the 9th of May, 1842, founded on a warrant, and also a grant for one hundred and sixty acres, dated 20th December, 1842, by virtue of an entry dated 16th July, 1842, founded on the payment of twelve and one half cents an acre, by virtue of the act of the 11th January, 1842. He proved that the defendant was in possession of part of the land covered by each grant, at the time the suit was brought.
The defendant read an agreement between himself and the plaintiff, dated 2Sth November, 1841, by which the plaintiff sold the defendant seventy-five acres of land out of the south-east corner of an occupant piece of land in the name of John Gordon, at four dollars and fifty cents per acre. This seventy-five acres is part of the land in controversy. The plaintiff proved that the defendant went into possession under the above con-tractfbul afterwards refused to claim or bold under the plaintiff, and was notified by the plaintiff to give up possession, which he refused to do.
*574 The defendant offered to prove that the plaintiff was not entitled to a right of occupancy of the land, but that he (the defendant) went into possession of the same early in January, 1842, and made improvements thereon, and that he was in possession, and entitled to a right of occupancy at the date of the plaintiff’s entries; which evidence the court rejected, and a verdict was rendered for the plaintiff.
It is insisted that the evidence offered by the defendant was improperly rejected, because by several acts of assembly an entry and grant of land held, at ihe time, by another, by right of occupancy, shall be null and void.
We think these acts have no-application to this case. The defendant shows that he went into possession of the lands under a contract with the lessor of the plaintiff for seventy-five acres, by virtue of a right of occupancy in the name of John Gordon. Having so entered, he could not hold iu hostility to the plaintiff, and claim a right of occupancy for himself. Meadows vs. Hopkins, Meigs’ Rep.
But it is said, these claims to a right of occupancy have been held by this court to confer no right, and to form no consideration for a contract, and therefore such contract could create no estoppel. ' -
The decisions referred to were made before the Congress of the United States relinquished those lands to the State of Tennessee.^ Then, Tennessee had no right to the soil in the vacant land in this District, and of course could by its laws confer none upon the occupant. Hence this court held, in the case of Edwards vs. Batts, (5 Yerg. R. 441,) that a contract in reference to these lands could not be recognized as having any validity. And this decision is put expressly upon the ground that Tennessee had no right to the land, and could confer none; and therefore a contract in reference thereto was without consideration. But as these lands were relinquished by Congress to this State before the contract between these parties was entered into, the case is very much altered. So soon as this relinquishment was made and Tennessee became vested with the title, the occupant laws previously enacted conferred upon those who had complied with their provisions rights to the lands so pos *575 sessed, which might constitute a consideration for a contract. 2nd. The defendant moved the court to strike from the costs taxed against him the costs of two witnesses who were not examined by the plaintiff. This the court refused to do; it appearing from the subpoenas, that the defendant had summoned witnesses who were not examined. In this we think there is no error. The defendant did not examine all his witnesses; and for aught the court could know, the plaintiff’s witnesses who were not examined were summoned to rebut that which he supposed the said witnesses of the defendant might depose. No inference could be drawn therefore, that they were summoned merely to swell the costs, and oppress the defendant.
Affirm the judgment.